UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim No. 10-10133-WGY |
| v. ) | |
| ) | |
| TREVOR A. WATSON, ) | |
| ) | |
| Defendant. ) | |

**NOTICE REGARDING STATEMENT OF GOVERNMENT WITNESS**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby provides notice of the following statements of potential government trial witness Albert Rue. Jr. Although the government submits that the new Rue statements are both inadmissible hearsay and irrelevant opinion evidence in light of the Court's order denying the government's motion in limine [See Dkt. # 45], the statements are disclosed in any event pursuant to 18 U.S.C. § 3500.

1.  On Thanksgiving Day, November 25, 2010, at approximately 4:00 p.m., the undersigned Assistant U.S. Attorney received an e-mail from counsel for government witness Albert Rue, Jr., stating, in sum and substance, that Rue had called his lawyer on Thanksgiving Day and stated that Rue now remembered an additional detail about the events surrounding defendant Trevor Watson's stabbing of Curtis Best and that Rue and his lawyer wanted to share that additional information with the government on Friday, November 26.

2.  In light of the e-mail from Rue's attorney, the

1

government and Rue's counsel scheduled a phone conversation for Friday, November 26, 2010 at approximately 1:30 p.m. The participants in the November 26, 2010 telephone conversation were Assistant U.S. Attorney Hafer, DEA Special Agent Dennis Barton, Albert Rue, Jr., and Rue's attorney, Joseph Comenzo, Esq. During the call, Rue stated that he now remembered some new information about the stabbing. Specifically, Rue stated that he now remembered that at some point after driving Best to the hospital on February 27, 2010, Best said to him, in sum and substance, that Best thought that if Best had just given Watson money from the profits of Best's rap music, then Watson might not have stabbed him.[1] When asked specifically when and where he had had this conversation with Best, Rue was not sure. When asked if he met with or spoke to Best again after this initial conversation, Rue said yes. When asked if the topic regarding money from rap videos came up again after that first conversation, Rue said that it did not ever come up again in his subsequent conversations with Best, even though Rue and Best had later discussed the stabbing.

3. When asked specifically when he remembered this new

---

[1] Rue acknowledged on the November 26, 2010 conversation that Rue had not previously informed anyone of this new information, even though the subject of Best's rap music and Watson's motive were discussed during Rue's prior meetings with the government. It should be noted that prior to the November 26, 2010 telephone conversation, Rue had met with DEA agents once in or about March 2010 to discuss the stabbing, and a second time with those same agents and Assistant U.S. Attorneys the week prior to the October 25, 2010 trial of this matter. Finally, as the Court is aware, Rue testified at trial on October 28 and October 29, 2010 regarding these events.

information, Rue stated that he remembered it some time after finding out that there was a hung jury in this trial. When asked how he found out there was a hung jury, Rue replied, in sum and substance, that he had heard from people on the street and from his lawyer. When asked if something specific happened to trigger this new memory, Rue stated that he had been reflecting a lot, thinking more about the incident, and that he had seen a lot of family members and friends on Thanksgiving and lots of people were talking about this case, Rue's involvement, and the fact that Best was his cousin. Rue further stated that many people had said to him that they could not believe that Best was a "rat." Rue further stated that, whether right or wrong, being known as a "rat" on the street is not considered a good thing. Rue also stated that being involved in this case he has to field lots of questions about it from friends, family, and people in the community regarding the fact that Best, his cousin, was a "rat." Rue said that this has been difficult for him.

4. When asked if he had spoken to the defendant Trevor Watson since the first trial resulted in a hung jury, Rue said that he had not. When asked if he had spoken to anyone else (exempting of course any privileged conversations with his counsel or spouse) about this case since the hung jury, Rue stated that he had spoken with Ricky Knight. When asked if he had been threatened in any way since the hung jury, Rue stated that he had not.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ Zachary R. Hafer
Zachary R. Hafer
George W. Vien
Assistant U.S. Attorneys
Boston, MA 02210

Date: November 26, 2010

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

                                                      */s/ Zachary R. Hafer*
                                                     Zachary R. Hafer
                                                     Assistant U.S. Attorney

Dated: November 26, 2010